```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/22/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
                                                          :
RCJV HOLDINGS, INC.,                                      :
                                                          :
                                   Plaintiff,             :
                                                          :            11-cv-2854-RA
                                                          :
              -v-                                         :
                                                          :          MEMORANDUM OPINION
                                                          :            AND ORDER
COLLADO RYERSON, S.A. DE C.V.,                            :
CORYER, S.A. DE C.V., and NATIXIS,                        :
                                                          :
                                   Defendants.            :
                                                          :
----------------------------------------------------------X

RONNIE ABRAMS, United States District Judge:

      Before the Court are the motions of Defendants Collado Ryerson, S.A. de C.V.

("Collado") and Coryer, S.A. de C.V. ("Coryer") and Intervenor-Defendant Natixis to deny

Plaintiff RCJV Holdings, Inc.'s ("RCJV") request for entry of final judgment as to Coryer

pursuant to Federal Rule of Civil Procedure 54(b). For the following reasons, the motions are

granted.

      On May 8, 2014, the Court granted RCJV's motion for summary judgment against

Coryer but denied RCJV's motion as to Collado, as well as Defendants' cross-motions. The

Court assumes familiarity with that opinion. RCJV Holdings, Inc. v. Collado Ryerson, S.A. de

C.V., No. 11 Civ. 2854 (RA), 2014 WL 1870808 (S.D.N.Y. May 8, 2014). The trial on RCJV's

claim against Collado is scheduled to begin on September 2, 2014. RCJV now seeks the entry of

partial final judgment against Coryer. Collado, Coryer, and Natixis move for the Court to deny

RCJV's application.

      "[I]n the federal district courts, the entry of a final judgment is generally appropriate

'only after all claims have been adjudicated.'" Novick v. AXA Network, LLC, 642 F.3d 304,

310 (2d Cir. 2011) (quoting <u>Harriscom Svenska AB v. Harris Corp.</u>, 947 F.2d 627, 629 (2d Cir. 1991)).  Federal Rule of Civil Procedure 54(b) provides that "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Such a determination "must take account of both the policy against piecemeal appeals and the equities between or among the parties."  <u>Novick</u>, 642 F.3d at 310.  "Whether to grant a Rule 54(b) [certification] is left to the discretion of the district court."  <u>Cromwell v. New York City Health & Hospitals Corp.</u>, No. 12 Civ. 4251 (PAE), 2013 WL 6423431, at *2 (S.D.N.Y. Dec. 9, 2013) (citing <u>Curtiss-Wright Corp. v. Gen. Elec. Co.</u>, 446 U.S. 1, 8 (1980)).  However, "[t]he policy against piecemeal appeals 'requires that the court's power to enter such a final judgment before the entire case is concluded, thereby permitting an aggrieved party to take an immediate appeal, be exercised sparingly.'"  <u>Novick</u>, 642 F.3d at 310 (quoting <u>Harriscom</u>, 947 F.2d at 629).

The exercise of this power is not warranted here.  First, considerations of judicial economy weigh against the entry of a partial final judgment.  "[A] district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated" because "[i]t does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case in successive appeals from successive decisions on interrelated issues."  <u>Id.</u> at 311 (internal quotation marks omitted).

Here, the claim remaining to be tried is closely related to the claim as to which RCJV seeks partial final judgment.  The former claim concerns Collado's liability to RCJV under a promissory note; the latter claim concerns Coryer's liability to RJCV as guarantor of that note.

2

As RCJV observes, the Court concluded in its May 8, 2014 Opinion and Order that Coryer's obligations under the guaranty have been triggered even though there is a genuine dispute of fact as to whether the promissory note's subordination provision permits Collado to pay RCJV at this time. Thus, in the Court's view, Coryer is liable regardless of whether RCJV or Collado prevails at trial. On appeal, however, Coryer will inevitably contend that (1) Collado's debt under the promissory note remains subordinated and (2) Coryer's debt under the guaranty is not due as long as Collado's debt is so subordinated. (See Def.'s Mem. 7-8; Def.'s Reply 2.) The first proposition is precisely what Collado seeks to establish at trial, and it will be the focus of any subsequent appeal. Consequently, if the Court were to enter partial final judgment against Coryer, it is anticipated that Coryer would immediately appeal the same issue that either RCJV or Collado will appeal after trial, requiring two successive Second Circuit panels to familiarize themselves with the same facts and legal principles.[1] Even if the parties could seek to have their appeals consolidated, (Pl.'s Mem. 5 n.2), there is no guarantee that this will entirely avoid the duplication of judicial effort.

Such duplication of effort is warranted only "where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." Hogan v. Consol.

---

[1] RCJV's contention that "[t]he Second Circuit would *not invite Collado* to brief and provide its 'views' *about the Guaranty* and Coryer's responsibility thereunder" is inapposite. (Pl.'s Mem. 3.) Coryer's position is that its obligation to pay is contingent on Collado's. As a result, both appeals would evaluate the arguments concerning Collado's liability. The Second Circuit cases RCJV cites do not persuade the Court otherwise. In Fed. Deposit Ins. Corp. v. Bernstein, the district court granted partial final judgment as to claims that involved "at least some different questions of law and fact" from the remaining claims, and the Second Circuit merely held that that decision was not an abuse of discretion. 944 F.2d 101, 108-09 (2d Cir. 1991). In Keshner v. Nursing Pers. Home Care, the Second Circuit simply noted that it had "directed the District Court either to enter a partial judgment under Rule 54(b) or place on the record an explanation why a partial judgment should not be entered." 747 F.3d 159, 162 (2d Cir. 2014). Neither case held that the failure to enter partial judgment would have been error.

Rail Corp., 961 F.2d 1021, 1025 (2d Cir. 1992) (internal quotation marks omitted).  This is not

such a case.  RCJV argues that it has been waiting for payment for three years and that

Defendants have engaged in stalling tactics.  The trial date is imminent, however, and there is no

indication that the remaining proceedings will be "abnormally protracted."  Harriscom, 947 F.2d

at 630.

Next, in light of Defendants' representation that "Coryer already has no assets other than

its shares in Collado," (Def.'s Mem. 10), RCJV contends that Coryer lacks the liquidity

necessary to satisfy a judgment and should be required to post an appeal bond.  RCJV does not

suggest, however, that Coryer's ability to pay will deteriorate significantly in the near future.  As

a result, RCJV has not established that its ability to collect from Coryer will diminish if partial

final judgment is not entered at this time.  See In re Vivendi Universal, S.A., Sec. Litig., No. 02

Civ. 5571 (RJH), 2012 WL 362028, at *4 (S.D.N.Y. Feb. 6, 2012) (noting that "plaintiffs have

demonstrated no risk that *delay* would *increase* the likelihood that the defendant might 'lack the

monetary resources and/or liquidity necessary to satisfy [a] large judgment'" (emphases added)

(third alteration in original) (quoting Ross v. Thomas, No. 09 Civ. 5631 (SAS), 2010 WL

3952903, at *8 (S.D.N.Y. Oct. 7, 2010))), reconsideration denied, 861 F. Supp. 2d 262 (S.D.N.Y.

2012).

Finally, RCJV argues that "entry of final judgment against Coryer and the posting of a

requisite appeal bond will answer the question of the liquidity of the[] [Defendant] companies

and whether an actual trial will even be necessary and will take place."  (Pl.'s Mem. 9-10).

Although it may indeed conserve judicial resources if the parties choose to avoid trial altogether,

the likelihood of this result is entirely speculative.  In any event, RCJV cites no authority for the

proposition that inducing the disclosure of financial information in order to encourage settlement is a proper basis for Rule 54(b) certification.

Accordingly, Defendants' motions are granted.  The Clerk of Court is respectfully instructed to close the motions pending at docket numbers 109 and 112.

SO ORDERED.

Dated:          July 22, 2014
                New York, New York

Ronnie Abrams
United States District Judge

5